BOUTALL, Judge.
This suit involves a dispute over a simple construction contract. On August 26, 1970 Jahncke Service, Inc. and Power Corporation entered into a contract whereby Jahncke agreed to furnish the materials and labor for a foundation at 300 Veterans Highway and Power agreed to pay $4,535.-00 for the foundation. The work was done and Jahncke now sues for the contract price, plus $1,111.92 in extra work. The trial court rendered judgment for Power Corporation as to the extras and for Jahncke Service, Inc. as to the contract price. Power Corporation has appealed the judgment rendered against it and Jahncke has not answered, thus that part of the judgment dismissing Jahncke’s suit on the extras is not before us.
Power Corporation, in accordance with CCP article 1005, pleaded payment as an affirmative defense and thus incurred the burden of proving it. The trial judge held that defendant had not borne that burden. While we admit that the evidence in this case is quite confusing, we feel it shows conclusively that a substantial percentage of the contract price was paid by Power Corporation.
The confusing evidence starts with the references to the foundation itself. It appears that this site has been referred to by three different names; it is variously known as 300 Veterans Highway, 200 Pap-worth Avenue and the Duplass slab or site. Power Corporation introduced six checks into evidence. One check, (D-2) was alleged to be payment of the indebtedness in question. The imputation of payment of these checks provide a great deal of the confusion surrounding this case. Some are payable to Jahncke Service, Inc., and some to Jahncke Concrete, apparently two separate divisions of plaintiff corporation. Jahncke also confuses the issue by introducing two sets of ledger sheets. One set is of Power Corporation’s account with them, the other set is of another account with Power Equipment, a sole proprietorship of Jess Power, admittedly not- involved in this case. Although the ledger sheets are of little evidentiary value in a suit on a contract they do tend to corroborate Power’s defense of payment.
The time periods in this suit are most important. The contract was signed on August 26, 1970 and the work commenced and was completed shortly thereafter. Jahncke attached a bill to its petition which shows that it had fully performed and was asking for full payment on October 29, 1970. The evidence further shows that the only business being transacted between the parties from late August, 1970 until October 29, 1970 was the job known as 300 Veterans Highway.
Power Corporation contends that check D-2 was payment for the contract price. Check D-2 is made out for $4,220.-51 to Jahncke Service. The notations on the check show that $4,026.53 was to be applied to Power’s September and October balance, while $193.98 was to be applied elsewhere. At the bottom of these notations are the words “Duplass Slab”. The bookkeeper for Jahncke testified that check D-2 was applied in accordance with the notations. The ledger sheets evidence that the $4,026.53 payment was applied against charges commencing September 1, 1970 and ending no later than October 20, 1970.[1] As mentioned above, during this period the 300 Veterans Highway job was the only one in progress between the parties.
*603 Check D-6 made out to Jahncke Concrete in the amount of $1,839.18, is also of interest since it carries the notation “Du-plass Site”. However, in argument before this court both parties agreed that this check was payment for work other than that encompassed in the contract of August 26, 1970.
We hold that Power Corporation has carried its burden of proof as to payment to the extent of $4,026.53 as shown on its check. Jahncke has failed to present any evidence that would show that the payment of $4,026.53 was not payment on the contract. This amount, deducted from the contract price of $4,535.00, leaves a balance owing of $508.47.
For the foregoing reasons we amend the judgment of the trial court to decrease the amount of the judgment in favor of Jahncke Service, Inc. from $4,535.00 to $508.47, and as amended we affirm. Jahncke Service, Inc. is to pay all costs.

Amended and affirmed.

. The ledger sheets show a September balance of $4316.46. In October there were charges of $66.13 and credits of $346.06, making October balance of $4026.63, the amount paid by check D-2. We cannot award defendant this credit. The suit is on contract price, not balance of account. There is no showing that the credit is applicable to or should be deducted from the contract price.